UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN ROBERTS, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-00473-MJS<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF NO. 9)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Ronald Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 26, 2014. (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction. (ECF No. 7.)  On April 14, 2014, Plaintiff filed the amended complaint (ECF No. 9) that is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies Brian Roberts, Commissioner of Board of Parole Hearings, Corcoran State Prison (Corcoran) and Adeniji Kenyinsola, Deputy Commissioner, as Defendants.

Plaintiff alleges the following:

On February 20, 2014, Defendant Roberts deemed Plaintiff dangerous and denied him parole on that basis. Plaintiff has actively worked towards rehabilitation and his prison records do not support Defendant Roberts' conclusion that Plaintiff is dangerous. Defendant Roberts also denied Plaintiff the ability to freely exercise his religion in violation of the First Amendment. (Compl. at 2-3.)

### IV. ANALYSIS

#### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the

color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Denial of Parole**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 81–2 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 498 U.S. 1126 (1991). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483–84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because

3

allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

Plaintiff asserts that he was improperly denied parole and seeks a new hearing. "Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits." Butterfield, 120 F.3d at 1024. Here, success on Plaintiff's claim would necessarily imply the invalidity of the parole board's decision and Plaintiff's continued incarceration. As such, Plaintiff's claim is not cognizable until and unless Plaintiff can show that the February 20, 2014 parole determination has been set aside by the grant of writ of habeas corpus. Heck, 512 U.S. at 487.

The deficiencies identified herein cannot be cured. Leave to amend this particular claim would be futile.

**C.   Free Exercise**

The First Amendment "prohibits government from making a law 'prohibiting the free exercise (of religion).'" Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (alteration in original). Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone, 482 U.S. at 348).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008). Only beliefs which are both sincerely held and rooted in religious beliefs trigger

4

the Free Exercise Clause.  Id. at 884–85 (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) and Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)).

The Complaint briefly alleges Defendant Roberts denied Plaintiff the ability to freely exercise his religion in violation of the First Amendment.  Plaintiff wants this action to validate his "right to choose a religion that supports parolees and their rights declared in the Constitution." (Compl. at 3.)  There are no other facts or allegations which support or explain this claim.

Plaintiff has failed to allege a colorable First Amendment claim.  In what may be an abundance of deference, the Court will grant Plaintiff leave to amend only his free exercise claim.  Should Plaintiff choose to amend, he must explain how the Defendants burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  Plaintiff is cautioned that leave to amend is only granted with regard to his First Amendment claim.

## V.  CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general

rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

        Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed April 14, 2014;

2.    Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.    Plaintiff shall file an amended complaint within thirty (30) days; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 30, 2014              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE