1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11

12  RONALD WILLIAMS,                      CASE NO. 1:14-cv-00473-MJS

13              Plaintiff,                ORDER    DISMISSING    PLAINTIFF'S
                                          SECOND  AMENDED  COMPLAINT  FOR
14        v.                              FAILURE   TO   STATE   A  COGNIZALBE
                                          CLAIM
15  BRIAN ROBERTS, et al.,

16              Defendants.               (ECF NO. 13)

17                                        CLERK SHALL CLOSE THE CASE

18

19                            **SCREENING ORDER**

20  **I.    PROCEDURAL HISTORY**

21        Plaintiff Ronald Williams, a state prisoner proceeding pro se and in forma

22  pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 26, 2014.

23  (ECF No. 1.)  He has consented to Magistrate Judge jurisdiction.  (ECF No. 7.)

24        On May 30, 2014, Plaintiff's First Amended Complaint was screened and

25  dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 12.)

26  Plaintiff's Second Amended Complaint (ECF No. 13) is now before the Court for

27  screening.

28
                                          1

1    ## II.    SCREENING REQUIREMENT

2           The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4    § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

5    raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

8    thereof, that may have been paid, the court shall dismiss the case at any time if the court

9    determines that . . . the action or appeal . . . fails to state a claim upon which relief may

10   be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

11   ## III.    SUMMARY OF SECOND AMENDED COMPLAINT

12          The Second Amended Complaint names (1) Brian Roberts, Commissioner of

13   Board of Parole Hearings, and (2) Johnson, Head Nurse, Chuckawalla Valley State

14   Prison (CVSP), as Defendants.

15          The amended complaint contains a single allegation: "Defendant Roberts stated

16   Plaintiff has some issues because of a willingness to change religions."  Plaintiff then

17   directs the Court to an exhibit which appears to be a transcript of the parole board

18   hearing denying Plaintiff parole.  (Compl. 3.)  In the hearing Defendant Roberts raised

19   Plaintiff's religious practice as a negative issue bearing on his suitability for parole.

20   Defendant Roberts observed that Plaintiff repeatedly switched religious beliefs and that

21   his lack of stable guiding principles was consistent with past manipulative behavior.  (Id.

22   at 8.)  Plaintiff maintains that his First Amendment right to free exercise of religion was

23   violated and he requests a new parole board hearing.  (Id. at 3-4.)

24   ## IV.    ANALYSIS

25          ### A.    Section 1983

26          Section 1983 "provides a cause of action for the 'deprivation of any rights,

27   privileges, or immunities secured by the Constitution and laws' of the United States."

28   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

2

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Free Exercise**

The First Amendment "prohibits government from making a law 'prohibiting the free exercise (of religion).'" Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam) (alteration in original). Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "A prisoner's right to freely exercise his religion, however, is limited by institutional objectives and by the loss of freedom concomitant with incarceration." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122 (9th Cir. 2013) (citing O'Lone, 482 U.S. at 348).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to

3

1     legitimate penological interests.  See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir.

2     2008).   Only beliefs which are both sincerely held and rooted in religious beliefs trigger

3     the Free Exercise Clause.  Id. at 884–85 (citing Malik v. Brown, 16 F.3d 330, 333 (9th

4     Cir. 1994) and Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)).

5         The amended complaint alleges that Defendant Roberts questioned Plaintiff's

6     earnest commitment to rehabilitation based, in part, on Plaintiff's repeated change in

7     stated religious beliefs.  Based thereon, Plaintiff asserts that Defendants Roberts and

8     Johnson violated Plaintiff's First Amendment right to free exercise of religion, and he

9     requests a new parole board hearing.

10        The amended complaint names Johnson as a Defendant but does not attribute

11     any improper conduct to him.   Plaintiff cannot state a cognizable claim against a

12     defendant without setting forth specific facts as to the conduct that proximately caused a

13     violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

14        Plaintiff's allegations do not support the assertion that Defendant Roberts violated

15     Plaintiff's First Amendment rights.  Defendant Roberts observed during Plaintiff's parole

16     hearing that Plaintiff had failed to articulate a cohesive rehabilitation program.   His

17     comments suggest that Plaintiff explored Alcoholics Anonymous and Islam as resources

18     for rehabilitation but failed to commit to either.   The hearing record suggests that

19     Defendant Roberts drew the conclusion that Plaintiff was not ready for parole based on

20     Plaintiff's failure to adopt and follow through with a rehabilitation program.  According to

21     Defendant Roberts, Plaintiff is free to choose any course, secular or non-secular,

22     towards rehabilitation but, for the purposes of parole, he must demonstrate that he

23     adopted a coherent plan and stuck to it.

24        The Court expresses no opinion as to the reasonableness of Defendant's said

25     rationale.[1]   Nothing said appears to the Court to have burdened Plaintiff's religious

26

---

27     [1]  It appears Plaintiff's litigation primarily reflects dissatisfaction with, and seeks relief from, the factors considered in denying him parole. Indeed that was the focus of his initial pleading which contained only a brief reference to a free exercise claim.  If that is so, these issues must first be raised in a habeas corpus

28     petition.  See Butterfield v. Bail, 120 F.3d 1023, 1024–25 (9th Cir. 1997) (concluding that § 1983 claim not

1   practice.  Plaintiff does not explain why he feels this remark burdened his free exercise

2   of religion.   The Court sees nothing in the transcript of the parole hearing to suggest that

3   Plaintiff was being denied parole for choosing a particular religion, for failing to pick a

4   particular religion, or for not having a religion.  Rather the focus appears to have been on

5   the absence of evidence of rehabilitation and the failure to follow through on those faith

6   based programs Plaintiff had shown some interest in.

7        Plaintiff has failed to state a claim against either Defendant.  The Court previously

8   notified Plaintiff of this pleading deficiency and advised of what was necessary to plead a

9   cognizable claim.  No useful purpose would be served in again advising him of the same

10  defects and how to correct them and then giving him yet another opportunity to follow

11  that same advice.  Leave to amend will be denied.

12  **V.    CONCLUSION AND ORDER**

13       For the reasons stated above, the Court finds that Plaintiff's Second Amended

14  Complaint fails to state a claim upon which relief may be granted and that leave to

15  amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

16  Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE

17  for failure to state a claim.  The Clerk shall close the case.

18
19  IT IS SO ORDERED.

20  Dated:   June 27, 2014          /s/ *Michael J. Seng*

21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27
    _____

28  cognizable because allegations of procedural defects were an attempt to challenge substantive result in
    parole hearing).